Filed March 6, 1888.

No. 13,136.

## CORNELL v. GIBSON.

FRAUDULENT CONVEYANCE.—*Husband and Wife.*—*Preference of Creditor.*— Where a husband, who is indebted to his wife for money borrowed from her, for the purpose of paying the debt purchases real estate and causes it to be conveyed to her, and makes, with his own funds, valuable improvements thereon, the transaction is not fraudulent as to other creditors of the husband, but is a mere preference of the wife over them, and the property can not be subjected to the payment of their claims.

From the Kosciusko Circuit Court.

*C. Clemans* and *A. C. Clemans*, for appellant.
*J. S. Frazer* and *W. D. Frazer*, for appellee.

HOWK, J.—This was a suit by appellee, Gibson, plaintiff below, against William H. Cornell and the appellant, Sarah J. Cornell, his wife, as defendants.   The objects of the suit were (1) to recover the balance claimed to be due on a certain promissory note alleged to have been executed by defendant William H. Cornell to the order of the plaintiff herein, and

to that end (2) to subject to sale certain lots particularly described in the town of Pierceton, in Kosciusko county.

In his complaint plaintiff averred, among other things, that after defendant William H. Cornell had executed the note sued on, he purchased with his own funds the lots aforesaid in such town of Pierceton, and, with his own funds, made lasting and valuable improvements thereon; that when he so purchased such town lots, for the purpose of cheating, defrauding, hindering and delaying his creditors, and particularly the plaintiff, such defendant caused such lots to be conveyed to his co-defendant, Sarah J. Cornell, who was then and since his wife, and who accepted the conveyance of such real estate with knowledge of the aforesaid fraudulent purposes of her husband and co-defendant, and did not pay any consideration therefor; and that defendant William H. Cornell had not, at the commencement of this suit, nor at the time such conveyance was so made to his co-defendant, any property in his own name subject to execution sufficient to pay his debts. Wherefore, etc.

The cause was put at issue and tried by a jury, and a verdict was returned finding for plaintiff against both defendants, and assessing his damages against defendant William H. Cornell in the sum of $662.07. Over the separate motion of defendant Sarah J. Cornell for a new trial herein, the court rendered judgment against defendant William H. Cornell for the damages assessed as aforesaid and the costs of suit, and decreed the sale of the aforesaid town lots to satisfy such judgment.

Defendant Sarah J. Cornell alone has appealed from such judgment and decree, and has here assigned as error the overruling of her motion for a new trial.

Appellant's counsel first contend that, as against her, the verdict of the jury was not sustained by sufficient evidence, and was contrary to law. We are of opinion that this objection to the verdict is well taken and must be sustained.

As between appellant, Sarah J. Cornell, and the plaintiff herein, he had the burden of the issues. He alleged, and it devolved upon him to prove by a fair preponderance of the evidence, that when defendant William H. Cornell purchased the aforesaid lots in the town of Pierceton, he, such defendant, for the purpose of cheating, defrauding, hindering and delaying his creditors, and particularly the plaintiff herein, caused such lots to be conveyed to his co-defendant, Sarah J. Cornell, then and since his wife. Yet plaintiff introduced no evidence whatever proving or tending to prove that, when such lots were so purchased as aforesaid, the purchaser, William H. Cornell, caused the aforesaid lots to be conveyed to his wife, Sarah J. Cornell, for the purpose of cheating, defrauding, hindering or delaying any of his creditors, and certainly not the plaintiff herein. Not only so, but the uncontradicted evidence appearing in the record clearly proved, as it seems to us, that William H. Cornell caused such lots to be conveyed to his wife, Sarah J. Cornell, and lasting and valuable improvements to be made thereon, in the execution and fulfilment of a valid agreement entered into between them some time before the date of the note in suit herein, whereby he agreed that he would procure her a house and lot in consideration of the sum of $800, which she had loaned him in 1873, and which he had agreed to pay back to her in that way. The conveyance of the lots described in plaintiff's complaint herein, which defendant William H. Cornell caused to be made to his wife, Sarah J. Cornell, was dated on the 23d day of April, 1880, and was executed upon the consideration of $250, as expressed therein. Both William H. and Sarah J. Cornell were witnesses on the trial of this cause; he testified that he did not cause the lots aforesaid to be conveyed to his wife for the fraudulent purpose alleged in plaintiff's complaint; and she testified that she accepted the conveyance of such lots without any knowledge whatever of any such fraudulent purpose on the part of her said husband; and they both

concurred in testifying that he had caused the lots aforesaid to be conveyed to her in part payment of the sum of money she had loaned him as aforesaid.

Upon these points, the evidence of defendants, William H. and Sarah J. Cornell, was not contradicted by any other evidence appearing in the record, and it shows very clearly, we think, that the conveyance of the town lots, described in plaintiff's complaint, was not fraudulent, and gave her good title to such lots, free from the claim of plaintiff herein or of any other creditor of her said husband. It is shown by the evidence that defendant William H. Cornell was justly indebted to his wife, Sarah J. Cornell, as well as to the plaintiff herein, and that in purchasing the lots aforesaid and causing them to be conveyed to his wife, and in making lasting and valuable improvements thereon, with his own funds, he was simply giving a preference to his wife over his other creditors, in the application of his funds to the payment of his debts. The preference thus given was neither fraudulent nor illegal. The husband had a clear and undoubted right to pay the debt to his wife at any time, in money or in property, and to prefer his wife over other creditors in so doing. "She was the creditor of her husband for the money loaned, and as much entitled to payment as if she had been a *feme sole.*" *Kyger* v. *F. Hull Skirt Co.,* 34 Ind. 249; *Brookville Nat'l Bank* v. *Kimble,* 76 Ind. 195; *Sedgwick* v. *Tucker,* 90 Ind. 271; *Dice* v. *Irvin,* 110 Ind. 561, and authorities cited; *Hill* v. *Bowman,* 35 Mich. 191; *Jordan* v. *White,* 38 Mich. 253.

For the reasons given, we are of opinion that the verdict of the jury, as against appellant, Sarah J. Cornell, is not sustained by, but is in direct conflict with, the evidence in the record, and that, for this cause, her separate motion for a new trial ought to have been granted. Some other causes assigned for a new trial are discussed by counsel, but these we need not and do not now consider. It was error to overrule

the separate motion of appellant, Sarah J. Cornell, for a new trial herein.

The judgment against defendant Sarah J. Cornell is reversed, with costs, and the cause is remanded, with instructions to sustain her motion for a new trial, and for further proceedings in accordance with this opinion.

Filed March 20, 1888.