## Fricke, Trustee, v. Angemeier et al.

[No. 7,872.   Filed March 26, 1913.]

1.  CORPORATIONS.—*Capital Stock.—Corporate Debts.—Preferences.*
    *—Stockholders.—Officers.*—The capital stock of a corporation is
    not a trust fund to be held intact for the benefit of creditors, and
    an insolvent corporation in the payment of its debts, may prefer
    directors and stockholders over other creditors.   p. 144.

2.  CORPORATIONS.—*Dividends.—Debts Due Stockholders.*—A divi-
    dend is not a debt due a stockholder until it has been rightly
    declared.   p. 146.

3.  CORPORATIONS.—*Dividends.*—A dividend cannot be rightly de-
    clared by a corporation until there is a showing that a profit has
    been really earned for the year such dividend was declared.
    p. 146.

4.  CORPORATIONS.—*Dividends.—Payment Out of Capital Stock.—*
    *Recovery for Payment of Debts.*—The right to recover dividends
    paid out of a corporation's capital stock, for the payment of its
    debts, clearly exists.   p. 149.

5.  APPEAL.—*Review.—Evidence.—Judgment.*—In an action by the
    trustee in bankruptcy of an insolvent corporation to recover divi-
    dends for the benefit of the creditors, the judgment for defend-
    ants was not sustained by evidence and was contrary to law,
    where it was shown without dispute that at the time the divi-
    dends were paid the corporation was insolvent.   p. 149.

From Vanderburgh Circuit Court; *C. A. DeBruler,* Judge.

Action by Louis E. Fricke, Trustee in Bankruptcy of the
Evansville Implement and Farmers Supply Company,
against Nicholas Angemeier and others.   From a judgment
for defendants, the plaintiff appeals.   *Reversed.*

*Elmer Q. Lockyear, Albert W. Funkhouser* and *Arthur F.*
*Funkhouser,* for appellant.

*William Reister,* for appellees.

SHEA, J.—This action was brought by appellant Louis
E. Fricke, trustee in bankruptcy of the Evansville Implement
and Farmers Supply Company, against appellees, the stock-
holders of said corporation, to collect from them certain
dividends alleged to have been unlawfully paid.   An answer

in general denial to the second paragraph of complaint formed the issues submitted to the court for trial. Finding and judgment for appellees. Appellant's motion for a new trial was overruled, which ruling is assigned as error.

From the complaint it appears, in substance, that the Evansville Implement and Farmers Supply Company is a corporation which was duly organized under the laws of Indiana on November 21, 1903, with an authorized capital stock of $10,000, divided into shares of the par value of $100 each. On September 25, 1905, the capital stock was increased to $40,000, and afterward, on December 31, 1907, to $100,000. On November 18, 1908, said corporation was adjudged bankrupt in the District Court of the United States for the District of Indiana, and on December 19, 1908, appellant, Louis E. Fricke, was appointed trustee in bankruptcy. As such trustee, for the benefit of the creditors of the bankrupt corporation, he brought this action against appellees, who were, at all times stated, stockholders in said corporation. This action was brought by appellant against all of the stockholders instead of each of them individually, to prevent a multiplicity of actions. The total amount of indebtedness of said corporation is $31,377.28, and appellant has converted all of the available assets of the company, consisting of merchandise, accounts, notes and choses in action, into cash, the total amount of which is $5,922.48, leaving a balance due and unpaid the creditors of $25,454.80. For the year ending December, 1905, there was a loss of $6,671.49 in said business, and a net deficit of $6,813.26. At the close of the year's business, December, 1905, dividend No. 1, of 6%, amounting to $528 was declared and paid to the stockholders during the ensuing year. For the year ending December, 1906, there was a loss of $4,583.78 in the business of said corporation, and at that time a total deficit of $11,-397.04. Dividend No. 2, of 7%, amounting to $1,426.12 was declared at that time, and during the ensuing year was paid to the stockholders out of the capital stock of the corpora-

tion. For the year ending December 31, 1907, there was a loss of $14,616 making a total deficit of $26,013.04 in the business of said corporation. Dividend No. 3, of 8%, amounting to $1,977.24 was declared at that time, and during the ensuing year paid to the stockholders out of the capital stock of the corporation. At the times said amounts were paid to the stockholders, there were no profits of the corporation available for the payment of dividends, and the same were paid out of the capital stock of the company; that the effect of the payment of the money to the stockholders, while being named a dividend, was in truth and in fact refunding to each so much of the capital stock of the corporation as was severally paid to him in the form of dividends, amounting in the aggregate to $3,931.36, and that the withdrawal and refunding to the stockholders was made before the payment of all the debts of said corporation.

The reasons urged in support of the motion for a new trial are that the decision of the court is contrary to law, and is not sustained by sufficient evidence. The undisputed evidence set out in appellant's brief is shown by the minutes of the meeting of the stockholders, December 31, 1907, to be as follows:

"Assets.

| | |
|---|---|
| Stock of Merchandise on hand | $32,598.92 |
| Bills Rec. (note & com. Accts.) | 6,069.80 |
| Accounts owing Company | 4,002.93 |
| Capital Stock | 40,000.00 |
| Cash on hand and in bank | 763.94 |
| | $83,435.59 |

Liabilities.

| | |
|---|---|
| Capital Stock issued | $37,650.00 |
| Stock surrendered and cancelled | 1,050.00 |
| Bills payable (notes) | 14,133.40 |
| Accounts owing to manufacturers | 11,880.18 |
| Other accounts owing | 5,380.78 |
| Dividends unpaid | 188.28 |
| Stock unsold | 3,400.00 |
| | $73,682.64 |

Total Assets........................... $83,435.59
Total liabilities....................... 73,682.64

Net gain........................ $9,752.95

Per cent of gain, twenty-four and thirty-five one hundredths per cent.''

Appellant argues that in order to make this showing, the capital stock of $40,000 is put in as an asset, when it should have been shown only as a liability; that the property of a corporation represented by its capital stock, or by obligations of stockholders to pay the amount subscribed by them, are liabilities of the company, and the stockholder possesses only the right to participate in the earnings of the corporation during its existence; that on dissolution he is entitled to a distributive share of what remains, only after payment of all debts, and where dividends are illegally paid from the capital stock, or when there has been a fraudulent distribution of corporate property before the payment of debts, a court of equity will, at the instance of the defrauded corporate creditors follow the fund into the hands of the stockholders and require its application to the payment of those debts. It is appellant's theory that illegal dividends were paid appellees, and at the time such dividends were paid, the corporation was insolvent, therefore the payment was equivalent to a withdrawal of the capital stock, to the injury of the creditors of the company. It was announced in court at the trial of this cause that dividend No. 1 is not claimed by appellant, consequently the question was whether dividends Nos. 2 and 3 only, could be recovered. It is contended by appellees that the evidence shows when dividend No. 2 was paid, there was a surplus of $20,759.96, and when dividend No. 3 was paid, a surplus of $12,887.00, over and above the debts of the corporation at that time; that in estimating the profits for a year for the purpose of declaring a dividend, it is not necessary to take into account the decrease in the value of the assets, and the impairment of the

capital stock of the company prior to that year; that the fact that in a year prior to the declaring of the dividend, some portion of the capital of an incorporated company has been lost and has not since been made good, affords no ground for restraining the payment of a dividend out of profits subsequently made.

It has been held repeatedly in this State, so that we must regard the question as settled, that the capital stock of a corporation is not a trust fund to be held intact for the benefit of creditors, but that the debts of the corporation may be paid, even to directors and stockholders by an insolvent corporation, giving them the preference over other creditors. In the case of *Nappanee Canning Co.* v. *Reid, Murdock & Co.* (1903), 159 Ind. 614, 621, 64 N. E. 870, 64 N. E. 1115, 59 L. R. A. 199, the following language is used: "In deciding the question before us, it is to be borne in mind that a manufacturing corporation, under the statutes of this State, is strictly a private association, organized and conducted for private purposes only; enjoying no special privileges, and owing no duty to the public or to its creditors except such as is imposed by the terms of the statute under which it is formed, and by those general rules which apply to individuals engaged in business. Until its property passes into the custody of the law by seizure under proceedings in attachment, or by appointment of an assignee, trustee, or receiver, the corporation may sell, transfer, pledge, or mortgage its property in the same manner and subject to the same restrictions only as apply to the case of a private person. Such property is in no respect held in trust for the creditors of the association. The law of this State gives them no lien or claim upon such property. They have no right to look to the corporation or its directors to protect their interests. They deal with it at arm's length, and their attitude is antagonistic to the association. When asked to extend credit to it, all persons dealing with the corporation know that if it is, or thereafter becomes insol-

vent, the whole of its property may be applied to pay or secure debts due to favored creditors, including officers and directors, and that the claims of all other creditors may be excluded and consequently lost. If, with this knowledge credit is given, it can not be said that preferences subsequently conferred upon other creditors have violated any right which the law gave to the creditor whose claim was left unpaid and unsecured. No statute gives to a creditor the right to demand an equal distribution of the assets of an insolvent private manufacturing corporation among its creditors. The maxim that, in case of insolvency, equality is equity has not the force of a statute requiring such a distribution. It is applicable only when the principles of equity are brought to bear upon the distribution of property lawfully in the custody of a court, where such court possesses the authority to make distribution upon that basis.''

In the case of *First Nat. Bank, etc.,* v. *Dovetail Body, etc., Co.* (1896), 143 Ind. 550, 553, 41 N. E. 370, 52 Am. St. 435, it is said: ''The expression that 'the property of a corporation constitutes a ''trust fund'' for its creditors,' only means that when the corporation is insolvent and a court of equity has taken possession of its assets for administration, such assets must be appropriated to the payment of its debts before distribution to its stockholders, but as between the corporation itself and its creditors, the corporation does not hold its property in trust or subject to a lien in favor of the creditors in any other sense than does an individual debtor. *Hollins* v. *Brierfield Coal, etc., Co.* (1893), 150 U. S. 371, 385 [14 Sup. Ct. 127, 37 L. E. 1113], and cases cited; *Sanford Fork, etc., Co.* v. *Howe Brown & Co. Limited* [1895], 157 U. S. 312 [15 Sup. Ct. 621, 39 L. Ed. 713] ; *Fogg* v. *Blair* [1890], 133 U. S. 534, 541 [10 Sup. Ct. 338, 33 L. Ed. 721].'' See, also, other cases cited. In the case of *Levering* v. *Bimel* (1897), 146 Ind. 545, 553, 45 N. E. 775, it is said: ''As between the corporation and its creditors, it cannot, in reason,

be said that the relation is anything more than that of debtor and creditor. The relation of trustee and *cestui que trust* does not exist so as to create a lien upon its assets in favor of the creditor, in any other sense than applies to an individual debtor. This court recently had the question of this trust fund doctrine presented for its consideration, and declined to accept it as it is urged now by the appellees. We held that it did not exist before a corporation is placed under the control of a court for adjustment of its affairs; that until such an event happens, no special lien upon its assets or property exists in favor of any creditor or class of creditors, and that the corporation, prior to such an event, had the power and right to prefer its creditors in like manner and under like circumstances as individuals or copartnerships may do. This rule must now be considered as settled in this jurisdiction.'' See, also, *Henderson* v. *Indiana Trust Co.* (1896), 143 Ind. 561, 40 N. E. 516. Thus, in so far as the right of a corporation to pay a debt or debts due the directors or stockholders is concerned, the question is settled in this State, and in fact by a great weight of authority in the Federal Courts, as well as in the courts of other states, but the right of an insolvent corporation to distribute its assets in the form of dividends, or otherwise, to its stockholders, presents to this court a wholly different question. A dividend is not a debt due a stockholder until it has been rightly declared. *American Wire Nail Co.* v. *Gedge* (1895), 96 Ky. 513, 29 S. W. 353; Taylor, Priv. Corp. (4th ed.) §562; 5 Thompson, Corporations (2d ed.) §5290. A dividend can not be rightly declared until there is a showing that a profit has been really earned for the year such dividend was declared. 5 Thompson, Corporations (2d ed.) §§5305, 5311; 1 Morawetz, Priv. Corp. (2d ed.) §435; *Mills* v. *Hendershot* (1905), 70 N. J. Eq. 258, 62 Atl. 542; *Hubbard* v. *Weare* (1890), 79 Iowa 678, 44 N. W. 915; *Grant* v. *Southern Contract Co.* (1898), 104 Ky. 781, 47 S. W. 1091; *Lockhart* v. *Van Alstyne* (1875), 31 Mich. 76,

18 Am. Rep. 156; *Reid* v. *Eatonton Mfg. Co.* (1869), 40 Ga. 98, 2 Am. Rep. 563; *Wood* v. *Dummer* (1824), 3 Mason 308, Fed. Cas. No. 17,944. 2 Cook, Corporations (6th ed.) §548 contains the following language: "As already shown, as against dissenting stockholders and as against corporate creditors a dividend can be lawfully declared only when sufficient net profits have been earned to pay that dividend. Accordingly, a dividend paid wholly or partly from the capital stock may be illegal, and may subject the corporation and the stockholders to serious liability. Hence the rule has been firmly established that, where dividends are paid in whole or in part out of the capital stock, corporate creditors, being such when the dividend was declared, or becoming such at any subsequent time, may, to the extent of their claims, if such claims are not otherwise paid, compel the stockholders to whom the dividend has been paid to refund whatever portion of the dividend was taken out of the capital stock." See, also, *Curran* v. *Arkansas* (1853), 15 How. (U. S.) 304, 14 L. Ed. 705; *Chicago, etc., Co.* v. *Howard* (1868), 7 Wall. (U. S.) 392, 19 L. Ed. 117; *Osgood* v. *Laytin* (1867), 48 Barb. (N. Y.) 463; *Johnson* v. *Laflin* (1878), 5 Dill. 65, 86, Fed. Cas. No. 7,393, affirmed 103 U. S. 800, 26 L. Ed. 532; *Hastings* v. *Drew* (1876), 76 N. Y. 9, 19; *Sagory* v. *Dubois* (1846), 3 Sandf. Ch. *466; *Wood* v. *Dummer, supra; Gratz* v. *Redd* (1843), 4 B. Mon. (Ky.) 178; *Heman* v. *Britton* (1885), 88 Mo. 549; 2 Story, Eq. Jurisp. (13th ed.) §1252. "A stockholder who receives an illegal dividend is liable for it, even though he has paid it over to another person to whom the stock belonged. *Finn* v. *Brown* (1891), 142 U. S. 56, 12 Sup. Ct. 136, 35 L. Ed. 936."

In the case of *Mobile, etc., R. Co.* v. *Tennessee* (1894), 153 U. S. 486, 14 Sup. Ct. 968, 38 L. Ed. 793, it is said: "The term 'dividend' in its technical as well as in its ordinary acceptation means that portion of its profits which the corporation, by its directory, sets apart for ratable division among its shareholders. *Lockhart* v. *Van Alstyne, supra;*

Boone on Corporations §125. In the present case it appears that the maximum capital stock authorized by the charter was $10,000,000, and that the stock actually issued by the company at various times during the construction of the road, and outstanding, amounted to the sum of $5,320,600, which, together with the company's bonded indebtedness, fairly represented the cost of building and completing the road. The amount of stock being fixed, it was a matter of mere calculation as to when the profits from net earnings would be sufficient to meet the designated dividend. Again, dividends can be rightfully paid only out of profits. Corporations are liable to be enjoined by shareholders or creditors from making a distribution, in dividends, of capital. Taylor, Priv. Corp. (4th ed.) §565, and authorities cited. The term 'profits' out of which dividends alone can properly be declared, denotes what remains after defraying every expense, including loans falling due, as well as the interest on such loans. *Corry* v. *Londonderry R. Co.* [1860], 29 Beav. 263. The net earnings of corporations out of which profits are distributable in dividends are thus defined in *St. John* v. *Erie R. Co.* [1872], 10 Blatch. 27, [Fed. Cas. No. 12,226] : 'Net earnings are properly the gross receipts less the expenses of operating the road to earn such receipts. Interest on debts is paid out of what thus remains—that is, out of the net earnings. Many other liabilities are paid out of the net earnings. When all liabilities are paid, either out of the gross receipts or out of the net earnings, the remainder is the profit of the shareholders, to go toward dividends, which, in that way, are paid out of the net earnings.' This case was affirmed by this court, [*St. John* v. *Erie R. Co.* (1874)], 22 Wall. 136 [22 L. Ed. 743]. In *New York, etc., R.* v. *Nickals* [1886], 119 U. S. 296, 308 [7 Sup. Ct. 209, 30 L. Ed. 363], the same general rule that shareholders are entitled only to dividends out of the net earnings derived from the operation of the company is reaffirmed.''

4. The right to recover dividends paid out of the capital stock, sufficient to pay debts, is clearly held in *Mills* v. *Hendershot, supra,* where it is said: "Stockholders are liable to the receiver for dividends paid out of the capital, so far as necessary for the payment of debts." *Williams* v. *Boice* (1884), 38 N. J. Eq. 364; See, also, 5 Thompson, Corporations (2d ed.) §5360. The evidence shows without dispute that at the time of the payment of the dividend declared in December, 1906, as well as at the time of the payment of the dividend declared in 1907, the corporation was insolvent, and any dividend paid was therefore being paid out of its capital stock, and to the injury of its creditors then existing and those who became subsequent creditors. To hold that corporations may pay dividends under such circumstances, would be, in effect, to say that all of the assets of a corporation might be distributed to its stockholders in the form of dividends, to the injury of its creditors. The judgment is not sustained by the evidence, and is contrary to law.

Judgment reversed with instructions to grant appellant's motion for a new trial.

NOTE.—Reported in 101 N. E. 329. See, also, under (1) 10 Cyc. 1252, 1253; (2) 10 Cyc. 546; (3) 10 Cyc. 551; (4) 10 Cyc. 549; (5) 10 Cyc. 550. As to stockholders' rights and remedies in regard to dividends, see 99 Am. Dec. 761. As to the nature corporate stock has as property in the hands of the stockholder, see 57 Am. St. 379. As to the right of an insolvent corporation to prefer creditors, see 15 Ann. Cas. 1218.