TRAVIS, RECEIVER, v. PORTER.

[No. 12,857.    Filed October 5, 1927.]

1.  CORPORATIONS.—*Incorporation act of 1921 prohibits a corporation from preferring a creditor where a director is surety on the indebtedness, but it is not applicable to other officers.*—Section 21 of the act of 1921 for the organization of corporations for profit (Acts 1921 p. 93, §4844 Burns 1926) provides that no corporation organized thereunder shall have power to prefer any creditor where any director is a surety on the indebtedness preferred, but it is not applicable to any other officer than director.    p. 371.

2.  CORPORATIONS.—*Insolvent corporation may prefer one of its officers as a creditor, except as limited by statute.*—Except as limited by §21 of the act of 1921 for the organization of corporations (Acts 1921 p. 93, §4844 Burns 1926), an insolvent corporation may prefer a creditor the same as an individual may do, and the fact that the creditor is an officer of the corporation does not change the rule.    p. 371.

3.  STATUTES.—*Courts cannot read into a statute something which is not within the manifest intent of the legislature.*—While it is the duty of the courts to construe statutes to give effect to the intention of the legislature, they cannot read into a statute something that is not within the manifest intention of the legislature as gathered from the act itself.    p. 372.

From St. Joseph Superior Court; *J. Fred Bingham,* Judge.

Action by Allen R. Travis as receiver of the Hoosier Motor Coach Company, Incorporated, against Thomas Porter.    From a judgment for defendant, the plaintiff appeals. . *Affirmed.*    By the court in banc.

*Allen R. Travis* and *Rulison & Arnold,* for appellant.

*Eli F. Seebirt, Lenn J. Oare* and *George W. Omacht,* for appellee.

THOMPSON, C. J.—Appellant's action was by complaint in two paragraphs, the first paragraph of which was to replevin a Reo truck automobile of the value of $2,000.

In the second paragraph, it is alleged, in substance, that on March 3, 1926, Allen R. Travis, appellant, was appointed receiver of the Hoosier Motor Coach Company, Incorporated, by the St. Joseph Superior Court No. 1, of St. Joseph county, Indiana, and that he duly qualified and entered upon his duties as such receiver; that on February 16, 1926, the Hoosier Motor Coach Company, Incorporated, by one Joseph F. Przybysz, president, and Nelson L. Ault, treasurer, did execute and deliver to the appellee herein, Thomas Porter, a certain chattel mortgage on one Reo truck automobile, of the value of $2,000, the property of said corporation, a copy of which mortgage is made a part of said complaint and filed therewith; that appellee retained possession of said truck by virtue of the terms of said mortgage; that, at the time said mortgage was executed, appellee was a stockholder and an officer of the Hoosier Motor Coach Company, Incorporated, and that said company was organized under ch. 35, Acts 1921 p. 93, and was in failing circumstances and insolvent, as appellee well knew, and that the execution of said chattel mortgage constituted a fraud and is an undue and unfair preference as against the creditors of the Hoosier Motor Coach Company, Incorporated, and appellant asked that said mortgage be canceled and declared void and of no force and effect.

Appellee filed a demurrer to the second paragraph of complaint stating: First, that the officer of the corporation had a legal right to secure the payment of the debt which appellee held against the corporation, even though appellee was a stockholder and officer of the cor-

poration; second, that the facts alleged do not constitute fraud, etc.

Appellant dismissed his first paragraph of complaint; the court sustained the demurrer to the second paragraph of complaint, and appellant excepted and refused to plead further. The court then rendered judgment against appellant for costs.

The action of the court in sustaining the demurrer to the second paragraph of complaint is the only error assigned.

Appellant frankly concedes that prior to the enactment of ch. 35, Acts 1921 p. 93, §4844 Burns 1926, the law in this state was against his contention. Said 1,2. section provides as follows: "No corporation organized hereunder shall have power to prefer any creditor where any director of such corporation is a surety on the indebtedness preferred, or has been a surety on such indebtedness within four months prior to such preference." This section prohibits a corporation from preferring a creditor where a director of the corporation is, or was, within four months of the preference, a surety on the indebtedness preferred. It is not controlling as to the question here involved. The complaint fails to allege that appellee was, or ever had been, a director of the corporation, and he is the officer to whom the statute is directed. The rule adopted many years since in this state is that an insolvent corporation, before it is placed in the control of a court for adjustment of its affairs, may prefer its creditors the same as an individual may do, and the fact that the creditor is an officer of the corporation does not change the rule. See *McMahan* v. *Morrison* (1861), 16 Ind. 172, 79 Am. Dec. 418; *Cornell* v. *Gibson* (1888), 114 Ind. 144, 16 N. E. 130, 5 Am. St. 605; *Levering* v. *Bimel* (1897), 146 Ind. 545, 45 N. E. 775; *Nappanee Canning Co.* v. *Reid,*

*Murdock & Co.* (1902), 159 Ind. 614, 64 N. E. 870, 59 L. R. A. 199; *Wainright* v. *P. H. & F. M. Roots Co.* (1912), 176 Ind. 682, 97 N. E. 8; *Larch* v. *Holz* (1913), 53 Ind. App. 56, 101 N. E. 127; *Fricke* v. *Angemeier* (1913), 53 Ind. App. 140, 101 N. E. 329.

While it is the duty of the courts to construe statutes so as to give effect to the intention of the legislature, they cannot read into a statute something that

3.  is not within the manifest intention of the legislature as gathered from the statute itself.    See 25 R. C. L. 963; 36 Cyc 1103.    It would seem, from the reading of the statute, that the legislature used plain words to express its meaning, and we would not be justified in holding that a corporation cannot, prior to the time said corporation goes into the hands of a trustee, as in the case at bar, prefer a *bona fide* creditor who is an officer or stockholder in that corporation.

The court did not err in sustaining the demurrer to the second paragraph of complaint.

Affirmed.