### GRANT T. MUNSON CHEVROLET, INC., v. GENERAL MOTORS CORPORATION et al.
#### Civ. A. No. 219.

District Court, N. D. Indiana, Fort Wayne Division.

July 16, 1946.

Parrish & Parrish, of Fort Wayne, Ind., for plaintiff.

Barrett, Barrett & McNagny, of Fort Wayne, Ind., for defendants.

SWYGERT, District Judge.

This is a proceedings supplemental to execution based on a judgment for costs recovered by the defendants in amount of $691.05. The affidavit on which these proceedings are based avers "That one Grant T. Munson, * * * was President, General Manager and principal stockholder of the plaintiff corporation and while so acting he caused to be transferred to him without consideration substantially all of the assets of said corporation * * *."

The evidence shows that the plaintiff corporation was formed in 1934; that Grant T. Munson owned and still owns 97 or 98 percent of the stock; and that in January, 1941, the entire assets of the corporation were sold for $27,500. This sum, less the then existing debts, came into the hands of Mr. Munson. The total debts contingent and actual were several thousand dollars less than the sum realized for the assets. These debts, whatever they were, were paid shortly after the sale of assets. Since that time the corporation has been without assets or debts except for the judgment for costs rendered May 30, 1945, and taxed on June 12, 1945.

■ If this judgment had existed when the assets of the corporation were sold, there appears to be no question but that the defendants could levy on Munson's property. The right of an existing judgment creditor to reach assets paid to a stockholder of a corporation under circumstance such as occurred here is settled. State v. City of Greencastle, 111 Ind.App. 640, 40 N.E.2d 388. Munson was not a creditor of the plaintiff corporation in January, 1941. Legally, he could receive the net proceeds from the sale of the corporate assets only as gift or as a dividend on his stock. In either event, this could not be done to the detriment of existing creditors of the corporation. Fricke v. Angemier, 53 Ind.App. 140, 101 N.E. 329.

■ Here the judgment was rendered four years after the sale of the corporate assets and transfer of the proceeds. When such is the situation, should the defendants receive similar treatment as creditors whose claims exist at the time of transfer? I am of the opinion that a subsequent creditor (one who extends credit after the transfer) cannot reach capital assets transferred to stockholders in the absence of an actual intent to defraud the creditor. Wood v. National City Bank, 2 Cir., 24 F.2d 661. This case, however, presents a different situation.

■ Although the suit which resulted in the instant judgment was started three years after the transfer of assets, it had its basis in the affairs of the corporation prior to that time. That is, the seed of this litigation existed before January, 1941. It subsequently germinated and grew into litigation and then matured into this judgment. For that reason defendants do not occupy the status of a subsequent creditor but rather one analogous to an existing creditor. Stating it differently, Munson at the time of the transfer assumed the risk of the liability which arose out of subsequent litigation that had to do with acts transpiring before the transfer.

Respondent's brief contains this statement: "We submit that the defendants in this case, being present at and knowing well of the transfer of the assets of this corporation to Mr. Munson, in January, 1941, will be estopped from saying that they were entitled to relief in this action on a claim based on a judgment for costs rendered as late as 1945."

716

■ The answer to this contention is that (1) the defendants could not reasonably foresee in January, 1941, that this suit would be instituted or if instituted, that it would terminate in a judgment against the plaintiff, and (2) the defendants are not voluntary creditors but rather, forced creditors. They have become creditors because a lawsuit was filed against them and not by reason of any credit extended to the plaintiff either before or after January, 1941.

The relief asked by the defendants is granted. They shall submit to plaintiff's counsel and the court a form of order in line with this opinion.