WILLIAM C. ATWATER and Others, Respondents, Appellants, *v.* ELKHORN VALLEY COAL-LAND COMPANY and Others, Appellants, Respondents.

First Department, July 11, 1918.

Corporation — suit to compel officers of corporation to account for excessive salaries received — right of minority stockholders to maintain such action — individual officers required to account — appropriation of corporate moneys to defend action — costs.

Action by the minority stockholders of a foreign corporation to compel certain officers of the company to account for moneys received as salaries which are alleged to have been both illegal and excessive.  It appeared that the corporation, which owned coal mines, had leased the same for long terms and the only business actually carried on was the collection of the rentals.  Evidence examined, and *held*, that the defendants, majority stockholders, were not justified in voting themselves increased salaries

which were, in fact, grossly excessive under the circumstances, and that they should be compelled to account therefor.

Under the well-settled principle of equity jurisprudence it is competent for the court to require an accounting for salaries paid to the officers of a corporation in excess of a fair and reasonable value for the services performed.

In an action by minority stockholders to compel the repayment of such excessive salaries the individual defendants may be required to account for the salaries received by them.

However, it was proper for the directors of the corporation to adopt a resolution appropriating $1,000 for the defense of an action against the corporation where the plaintiffs asked for the appointment of a receiver *pendente lite.*

The plaintiffs in such action are entitled to recover the reasonable costs and expenses of maintaining the same where the prosecution of such action by the corporation itself was prevented by the majority stockholders.

CROSS-APPEALS by the plaintiffs, William C. Atwater and others, and by the defendants, Elkhorn Valley Coal-Land Company and others, from parts of a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of New York on the 31st day of July, 1917, as resettled by an order entered in said clerk's office on the same day.

The judgment was entered upon the decision of the court after a trial at the New York Special Term.

*Alfred H. Townley* of counsel [*Townley, Foster & Chambers,* attorneys], for the respondents, appellants.

*Leo R. Brilles* of counsel [*House, Grossman & Vorhaus,* attorneys], for the defendant, appellant, respondent Jones.

*Joseph M. Gazzam,* for the other defendants, appellants, respondents.

LAUGHLIN, J.:

This is an action by minority stockholders of the Elkhorn Valley Coal-Land Company, defendant, a West Virginia corporation, in the right of the company to compel the presidents and secretaries of the company to account for moneys drawn as salaries from October, 1910, to October, 1916, claimed to have been both illegal and excessive.

The salary of the president was increased October 1, 1915,

from $2,500 to $3,600 per annum, and the salary of the sec-
retary was increased at the same time from $1,200 to $1,500
per annum.   The defendant Andrews was president of the
company and owned a majority of the stock and drew such
increased salary.   The defendant Jones was his son-in-law,
and the defendant At Lee was a distant relative of his, and to
each of them he gave a few shares of the stock.   The defendant
At Lee was the secretary and received the increased salary of
that office from October 1, 1915.   The trial court has required
the president and secretary, respectively, to account for and
restore to the company those increases of their respective
salaries.   The plaintiffs also complained that the salaries paid
to the president and secretary from October, 1910, were illegal
and excessive, and they appealed from the judgment in so
far as it fails to require an accounting for such salaries for the
five years ending October 1, 1915, and in so far as it fails to
require an accounting for more of the salaries for those offices
after October 1, 1915, and also in so far as it fails to adjudge
that a resolution adopted at a meeting of the stockholders
on the 17th of July, 1916, appropriating and setting aside the
sum of $1,000 to be expended for the defense of this action
was illegal and void.   The plaintiffs, however, have by their
points abandoned their objections to the judgment as entered,
in so far as they relate to the salary of the president, and
only complain that the court did not require an accounting
for more of the salary paid to the secretary, and did not
declare said resolution making an appropriation for the defense
of the action void.   The defendants jointly appealed from the
judgment in so far as it requires any accounting and requires
defendants Andrews and At Lee to pay the costs of the action,
and in so far as it requires the company to pay plaintiffs
$800 for the reasonable expenses of prosecuting the action.

The company was incorporated in 1891 with stock of the
par value of $300,000, and purchased from the defendant
Andrews a large tract of coal lands in West Virginia, and the
mineral rights in another tract; but at the outset it leased
them to other companies for thirty years on royalties based
on the quantity of coal mined and of coke manufactured, with
a provision for a minimum royalty.   The company carried on
no active business, and practically the only business trans-

acted by it consisted in receiving the royalties, aggregating a little less than $34,000 per annum, which were payable monthly, and, after deducting salaries, office rent and other incidental expenses, in distributing them to the stockholders, which was for the most part done by a clerk who had been with the company from its organization and received a salary of $1,200 and later $1,300 per annum, as to which there is no complaint. The certificate of incorporation required that the principal office of the company should be in New York city, and it was there maintained, and the meetings of the board of directors and of the stockholders were held there. The salary of the secretary during 1891 was $62.50 per month, $1,000 per annum in 1892, $1,500 in 1893 and 1894, and $1,000 in 1895. It was then reduced to $500 for 1896, and remained at that rate until October 1, 1911. The defendant Jones became secretary on the 1st of October, 1910, and his salary was increased to $100 per month, commencing October 1, 1911, and the salary of the office continued at that rate until increased to $1,500 per annum on October 1, 1915. By virtue of the law of West Virginia the minority stockholders were entitled to representation on the board of directors, which consisted of three members. The minority representative consistently opposed and voted against all of these increases of salaries. The action of the board, which in so fixing the salary was voidable owing to the fact that it required the affirmative vote of the secretary himself (*Jacobson* v. *Brooklyn Lumber Co.*, 184 N. Y. 152; *Carr* v. *Kimball*, 153 App. Div. 825; affd., 215 N. Y. 634; *Kreitner* v. *Burgweger*, 174 App. Div. 48; *Munson* v. *S., G. & C. R. R. Co.*, 103 N. Y. 58; *Billings* v. *Shaw*, 209 id. 265), was ratified by the stockholders at the close of each year, excepting for the year commencing October 1, 1915. Doubtless it was ratified for that year also, as is claimed in the points for the defendants, and through oversight counsel failed to introduce the minutes, but in the view we take of the case it is unnecessary to consider the effect of such ratification, made in most instances after the salary had been paid, for we are of opinion that there was no justification for increasing the salary, which at the increased rate was so grossly excessive as in the circumstances to constitute a constructive fraud against the minority stockholders. The trial court found that the increase

of salaries on October 1, 1915, was in fraud of the rights of the minority stockholders.   There is very little evidence with respect to the duties performed by the secretary.   The office was left in charge of the clerk, and the secretary only came there occasionally and remained a short time.   During the time Andrews was secretary, for a large part of the time he was abroad and performed no duties, and the duties of secretary were performed by At Lee as president or by the clerk.   During the time At Lee was secretary he was an employee of the office of the commissioner of accounts of the city of New York, where his duties required his presence from nine A. M. until five P. M., and the evidence tends to show that he only visited the office of the company about twice a week in the evening. He was required to attend the monthly meetings of the board of directors, and when present he kept rough minutes of the meetings, but he was not always there.   In his absence the clerk acted as secretary *pro tem*, and even when At Lee attended, the clerk from his rough minutes wrote out the minutes in full and also kept the books of the company, the entries in which for a month did not cover one page, and filled out the checks for the distribution of dividends.   The clerk for long periods at a time when the secretary was absent acted as secretary *pro tem*.   The defendant Andrews, through his majority control both of the stockholders' meetings and of the board of directors, at all times arranged things to his own satisfaction at will.   When he desired to go abroad, he had the defendant At Lee elected president and he took At Lee's office as secretary, changing back on his return.   Doubtless, as the trial court stated in the opinion, there was no actual bad faith on the part of the individual defendants, but the evidence fairly overcomes any presumption that in so increasing and continuing the salary of the secretary at the increased rate from year to year the majority directors and stockholders were actuated by what was deemed best for the corporation.   It is perfectly obvious that Andrews handled the affairs of this corporation as if they were his own.   Instead of recognizing and duly performing the trust obligation owing by him to the minority stockholders, he had the salary of the secretary increased, first for the benefit of his son-in-

law, who received it for one year, and then for the benefit of himself for three years, after which time At Lee received it. The increase was made and continued without due regard to the services to be performed, and, therefore, in the circumstances, under well-settled principles of equity jurisprudence, it is competent for the court to require an accounting for these salaries paid in excess of a fair and reasonable value for the services performed. (3 Clark & M. Priv. Corp. § 672-b; *Godley* v. *Crandall & Godley Co.*, 153 App. Div. 697; affd., 212 N. Y. 121; *Carr* v. *Kimball, supra; Murray* v. *Smith*, 166 App. Div. 528.) All of the defendants who participated in bringing about any improper increase of salary could be compelled to account therefor, but the decree entered does not proceed on that theory and no objection is raised thereto on that ground. Therefore, we think, to avoid complications, the same method of requiring reimbursement should be continued. The judgment should, therefore, be modified by requiring each of the individual defendants to account for the salary received by him as secretary after October 1, 1911, over and above the rate of $500 per annum, together with interest thereon from the time of the receipt of the respective overpayments.

Evidently after the action was commenced by the service of a summons, but before the complaint was served, the board of directors of the corporation adopted a resolution appropriating and setting aside $1,000 for the defense of the action, and the stockholders at a meeting called for the purpose ratified and approved such action. There is no evidence that any of the money had been expended at the time of the trial. The plaintiffs contend that the resolution was void and that the defendants should be enjoined from expending the money of the corporation thereunder. What the circumstances were under which the money was appropriated does not appear. It does appear by the complaint subsequently filed that the plaintiffs asked for the appointment of a receiver of the corporation *pendente lite*. It may be that on the summons being served their understanding was that a permanent receivership would be demanded, but in any event they were justified in appropriating funds to resist any application that might be made to have the affairs of the company placed in the hands of a receiver, and, therefore, there was no illegality in the reso-

lution. (*Godley* v. *Crandall & Godley Co.*, 181 App. Div. 75, 78.) If they should use the money otherwise they may be called to account.

There is no merit in the appeal by the defendants in so far as they seek a review of the reduction of the salary of the president. The salary as allowed by the judgment constituted very liberal compensation for the services rendered. He had received only that amount for nearly fifteen years and there was no material change in his duties.

The action having been sustained, it necessarily follows that it should have been brought by the corporation, but an action by the corporation having been prevented by the control of the majority stockholder and the other director, whose election he controlled, it is but right and just that the corporation and such directors, or both, should reimburse the plaintiffs for the reasonable costs and expenses of maintaining the action, for the corporation would itself have incurred such costs and expenses had it performed its duty to the stockholders by bringing the action itself. (*Godley* v. *Crandall & Godley Co.*, 153 App. Div. 697; affd., 212 N. Y. 121; 181 App. Div. 75; Cook Corp. [7th ed.] § 879; *Trustees* v. *Greenough*, 105 U. S. 527; *Woodruff* v. *N. Y., L. E. & W. R. R. Co.*, 129 N. Y. 27; *Grant* v. *Lookout Mountain Co.*, 93 Tenn. 691.)

It follows that the judgment should be modified as herein indicated, with costs to plaintiffs, appellants, and all findings of fact and conclusions of law inconsistent herewith to be specified in the order reversed, and further findings of fact and conclusions of law made in accordance herewith, and the judgment as so modified affirmed.

CLARKE, P. J., DOWLING, SHEARN and MERRELL, JJ., concurred.

Judgment modified as indicated in opinion and as so modified affirmed, with costs to plaintiffs, appellants. Order to be settled on notice.