RUBENS *v.* MARION-WASHINGTON REALTY CORPORATION

[No. 17,319. Filed March 20, 1945. Rehearing Denied April 25,
1945. Transfer Denied June 15, 1945.]

56

*Kane, Blain* and *Hollowell*, of Indianapolis, and *Campbell, Gemmill, Browne & Ewer*, of Marion, for appellant.

*Van Atta, Batton & Harker*, of Marion, and *Jeremiah L. Cadick*, of Indianapolis, for appellee.

CRUMPACKER, J.—This appeal is prosecuted for the sole purpose of obtaining a review of the trial court's ruling in sustaining a demurrer for want of facts to the appellant's complaint. The complaint in question alleges in substance that the appellee is an Indiana corporation whose capital structure is divided into 100 shares of common stock of no par value and 1,720 shares of preferred stock having a par value of $100.00 each. That the appellant is the owner and holder of certificate No. 309 evidencing ownership of 21¾ shares of such preferred stock and among the obligations of the appellee to the appellant, as provided by said certificate, is the following covenant: "Dividends shall be paid on the preferred stock out of earnings as hereinafter set out. During each fiscal year from the total gross income

of this corporation there shall be deducted all taxes, operating expenses, maintenance, repairs and obligations due under the mortgage referred to in the purpose clause of these Articles of Incorporation, together with other proper corporate charges. As long as any preferred stock is outstanding all income remaining after the deductions hereinbefore referred to but before any charges for depreciation or obsolescence, shall be used for the payment of dividends and the retirement of preferred stock, 65% of such remaining income to be used for the payment of dividends on the preferred stock, which shall not exceed 6% in any one year, and the remaining 35% to be placed in a sinking fund, which fund shall be used by the Fiscal Agent of the corporation in purchasing preferred stock of this company at the lowest price obtainable."

That 65 per cent of the appellee's earnings, after the payment of all expenses and charges required before the payment of dividends on preferred stock, in the year 1943, were in excess of the sum required to pay dividends equal to 6 per cent per annum on all outstanding preferred stock at the end of said year and said appellee now has in its hands funds sufficient to pay dividends thereon for the year 1943 at the rate of 6 per cent.

That the appellee has failed and refused to pay any dividend upon said preferred stock for said year notwithstanding the fact that it is solvent and the payment of said dividend would not render it insolvent or create a danger of its becoming so.

The complaint asks judgment in the sum of $150.00 and all other proper relief, and attached thereto and by reference made a part thereof is a copy of the stock certificate upon which the appellant sues.

The appellee's demurrer is predicated as follows: "The complaint is an action in the nature of an action for

debt to recover money alleged to be due the plaintiff from the defendant on account of dividends upon preferred stock in the defendant corporation. The complaint fails to allege that the dividends sought to be recovered by said action were ever declared by the Board of Directors of the corporation or other governing body of the corporation."

The issue thus presented involves the determination of a single proposition of law. Can a stockholder in a corporation sue and recover dividends when all the material facts necessary to make the declaration of dividends lawful are shown to exist but no such dividends have been formally declared by the directors of such corporation?

The appellant says yes. She contends that the existence of facts making the payment of a dividend lawful creates a *prima facie* right under her contract to receive the same in that every material provision stated in the stock certificate as a prerequisite to the payment of such dividend exists and the same not having been paid she has the right to maintain an action therefor.

The appellee says no. It contends that the appellant's complaint sounds in debt and is predicated upon the relationship of debtor and creditor. That prior to the lawful declaration of a dividend by its directors a corporation is not indebted to a stockholder and such stockholder cannot maintain a suit for the recovery of a money judgment for such dividend.

Sec. 25-211, Burns' 1933, § 4911, Baldwin's 1934, provides that when a corporation has accumulated earnings in the operation of its business, it is lawful to pay dividends to its stockholders out of such earnings and vests the power to declare such dividends in the corporation's board of directors.

The right of a preferred stockholder to dividends

rests in contract. In the present case the formula under which the appellee agrees to pay dividends on preferred stock is set up in the appellee's Articles of Incorporation and is carried forward into the stock certificate evidencing appellant's ownership of such stock. When the appellee sold and delivered to the appellant 21¾ shares of its preferred stock evidenced by a certificate wherein the scheme or formula for the payment of dividends is set out, a contract between the appellant and the appellee came into existence whereby said appellee covenanted and agreed to declare and pay dividends according to such formula.

It is probable that the appellant's complaint alleges facts sufficient, both under the statute, *supra,* and her contract with the appellee, to disclose a *prima facie* duty on the part of the appellee to declare and pay the dividend for which she sues. This is of little help to the appellant, however, unless her right to the immediate recovery and enjoyment of such dividend exists independent and regardless of a formal declaration thereof. It is said in Fletcher Cyclopaedia of Corporations (Perm. Ed.), Vol. 11, § 5321: "As was shown in a previous chapter, the property of a corporation belongs in law to the corporation, and not to the stockholders. This is just as true of the profits earned by a corporation as it is of its other assets. The stockholders of a corporation may have the equitable right to insist that the profits from the corporate business shall be divided among them, but with the exception of liquidation dividends, they have no legal right to any share therein, nor is there any indebtedness to them on the part of the corporation, so as to entitle them to maintain an action against it, until a dividend has been made or declared; and it can make no difference that the amount of the profits and the condition of the

corporation are such that the directors might or should declare a dividend, and would be compelled by equity to declare one . . . . Corporate earnings and profits remain the property of the company, until severed from the assets and distributed as dividends among the stockholders entitled thereto. It is the declaration of the dividend which creates both the dividend itself and the right of the stockholder to demand and receive it."

Our analysis of the appellant's complaint leads us to conclude that it sounds in *express assumpsit*, which is an appropriate action where one has money in his hands which by express contract he is bound to pay over. Bouvier's Law Dictionary, Rawle's Revision, p. 184. The action differs from that of debt in that the sum claimed need not be liquidated but it is predicated, nevertheless, upon the relationship of debtor and creditor. Indiana has long been committed to the rule that no such relationship exists between a corporation and its preferred stockholders. In *Grover* v. *Cavanaugh* (1907), 40 Ind. App. 340, 347, 82 N. E. 104, this court said: "The holder of preferred stock is a shareholder in the corporation. He is not a corporation creditor, and has no rights as such . . . . None of the elements of debtor and creditor exist." In the case of *Star Publishing Co.* v. *Ball* (1922), 192 Ind. 158, 134 N. E. 285, a contention was made that preferred stock evidenced a corporate debt and that dividends were interest on such debt. The court said: "This contention fails at the very start for the reason that a preferred stockholder is not a creditor who has loaned money to the corporation." The Supreme Court again had occasion to discuss the relationship between a corporation and its preferred stockholders in *Allied Magnet Wire Corp.* v. *Tuttle* (1927), 199 Ind. 166, 154 N. E. 480, wherein it said: "Appellee was a share-

holder and not a creditor of appellant. As we have seen, he was given certain preferences not enjoyed by other shareholders, and upon these stipulated preferences in his stock certificate, measured by the law governing shareholders in a going concern, must rest his right to demand the benefit of an extraordinary equitable remedy." In the case of *Cring* v. *Sheller Wood Rim Mfg. Co.* (1934), 98 Ind. App. 310, 183 N. E. 674, the appellant was the owner of certain preferred stock upon which the appellee corporation, by contract expressed in its stock certificate, had agreed to pay 6 per cent annual dividends and to redeem the principal amount of the stock itself at par upon a certain date. It refused to do so although solvent and able and the appellant brought suit for a money judgment in the amount of the face value of his stock together with unpaid dividends thereon. The appellee demurred to the complaint on the ground that the appellant was not its creditor but a mere stockholder entitled to preference over common stockholders only in case of liquidation, dissolution or distribution of corporate assets. This demurrer was sustained and upon appeal this court said: "The law is well settled that a certificate of stock does not make the holder a creditor as well as a stockholder. He cannot be both creditor and stockholder by virtue of his ownership of stock." However, in reversing judgment, the court held that the owner of preferred stock redeemable at par on a certain date is entitled to recover on the basis of such par value provided he can be paid without prejudice to the corporation's creditors. The basis of the decision is the fact that the appellant's stock had matured and there remained nothing further to be done, by way of official action, to make it due and payable and thereby create

the relationship of debtor and creditor. The question of the right to recover undeclared dividends is disposed of by the statement that the complaint fails to allege earnings out of which they could be paid.

There comes a time, however, when corporate earning and profits are severed from the assets of the corporation and become the property of the shareholders. As is said in Fletcher Cyclopaedia of Corporations, *supra:* "It is the declaration of the dividend which creates the dividend itself and the right of the stockholder to demand and receive it." Until that occurs his rights are purely in equity. This principle was flatly announced by this court in *Fricke* v. *Angemeier* (1913), 53 Ind. App. 140, 101 N. E. 329, when we said: "A dividend is not a debt due a stockholder until it has been rightfully declared." And such is the rule in many other jurisdictions. *Knight* v. *Alamo Mfg. Co.* (1916), 190 Mich. 223, 157 N. W. 24, 6 A. L. R. 789; *American Steel Foundries* v. *Lazear* (1913), 204 F. 204; *Federal Terra Cotta Co.* v. *Atlantic Terra Cotta Co.* (1943), 133 N. J. Eq. 360, 32 A. (2d) 331; *Heyn* v. *Fidelity Trust Co.* (1938), 174 Md. 639, 197 A. 292, 1 A. (2d) 83; *Greene* v. *Philadelphia Enquirer Co.* (1938), 329 Pa. 169, 196 A. 32; *Kidd* v. *Cereal Food Co.* (1909), 145 Mo. App. 502, 122 S. W. 784.

Under the law of Indiana the sole power to declare and pay dividends rests with the board of directors of a corporation. § 25-211, Burns' 1933, § 4911, Baldwin's 1934. Construing a similar statute the New York Court of Appeals said: "Without some action of the officers of the corporation, there is no power to pay dividends, and as they are to be paid out of net earnings, this cannot be done in any other manner." *Boardman* v. *Lake Sh. & Mich. So. Ry. Co.*

(1881), 84 N. Y. 157. To permit the recovery of an undeclared dividend in an action at law would be the equivalent of allowing the court or jury before whom the case is tried to declare the dividend. "This, of course, is not the law; and, if each stockholder might call in a jury at his pleasure to determine whether a dividend should be declared, corporations would be short-lived affairs and of but little value." *Knight* v. *Alamo Mfg. Co., supra.*

All this does not mean that the appellant is without a remedy and must abide the time when the appellee's Board of Directors sees fit to declare a dividend which in equity and good conscience it is the duty of such board to do at once. In *W. Q. O'Neall Co.* v. *O'Neall* (1940), 108 Ind. App. 116, 25 N. E. (2d) 565, this court had occasion to consider the law applicable to a state of facts very close to those before us here. In the course of the decision we said: "As a general rule the officials of a corporation are the sole judges as to the propriety of declaring dividends and the courts will not interfere with the proper exercise of that discretion. Yet when the right to a dividend is clear and there are funds from which it can properly be made, a court of equity will interfere to compel a corporation to declare it. Directors are not allowed to use their power illegally, wantonly or oppressively. The rights of a preferred stockholder are enforceable in equity against a corporation in accordance with the terms of his contract." From an article on "Rights and Remedies of Preferred Shareholders," 37 Central Law Journal 433, 437, we quote as follows: "There is no difficulty in supporting the jurisdiction of equity, on the theory that the refusal of such a dividend is a breach of trust on the part of the directors. The contract which gives the preferred shareholders a right to the dividend

out of the net earnings impresses any net earnings in the hands of the directors, for the particular year, with a trust in behalf of the preferred shareholders, to the extent required by the terms of the contract. If the directors refuse to perform that trust by making the distribution, a court of equity will, obviously, in a suit in which the parties in interest are made defendants, compel them to do so. Where the dividends are not paid upon preferred stock in pursuance of the terms of a contract, the holders of such stock may maintain an equitable action to compel a specific performance of the contract and to restrain the payment of dividends on the common stock until the arrears of their preferred dividends have been paid."

Thus it would seem that the appellant has mistaken her remedy in choosing to proceed at law before a dividend had actually been declared and set off to her. Her complaint strongly indicates the probability of a right to a mandatory injunction or writ of mandamus to compel the appellee to declare the dividend she seeks to recover. That, however, is not the theory of said complaint nor does the demurrer under consideration test its sufficiency as a pleading seeking such relief. It is suggested that, in view of the fact that all distinctions between actions at law and suits in equity have been abolished in this state and legal and equitable remedies may be administered in one and the same suit, § 2-101, Burns' 1933, § 14, Baldwin's 1934, we should regard this cause as a suit in equity to compel the declaration of a proper dividend and an action at law for the recovery of the dividend so declared. We are not called upon, as the issue before us is framed, to pass upon the sufficiency of the complaint to support such a theory and to uphold it on that theory would be

to foreclose the appellee's opportunity of so testing it and predicating error on the ruling.

Judgment affirmed.

NOTE.—Reported in 59 N. E. (2d) 907.