TOWER RECREATION, INC. *v.* BEARD ET AL., ETC.

[No. 20,445. Filed November 27, 1967. Rehearing denied January 15, 1968. Transfer denied March 6, 1968.]

*Mendenhall, Stohler, Hunter & McCoy,* of Winchester, and *Dennis, Cross, Raisor & Jordan,* of Muncie, for appellant.

*Sidney E. McClellan,* of Muncie, for appellees.

FAULCONER, J.—Appellant Tower Recreation, Inc., brought a suit for "unjust enrichment" against appellee Harold Beard, one of its former directors, and Beard's partner, appellee Webster J. Shroyer, praying recovery of the sum of $10,000 paid by appellant to appellees for the release of a small tract of appellees' real estate upon which appellant had started construction of a portion of its building for a bowling alley. Appellees filed answer under Rule 1-3, Rules of the Supreme Court of Indiana, of admission and denial. Appellees filed a counterclaim to which appellant filed reply in two paragraphs. The cause was tried to the court without a jury, and the trial court found for the respective defendants on both the complaint and counterclaim. Judgments were entered accordingly.

Appellant filed its motion for new trial specifying that the decision of the trial court is contrary to law. The overruling of appellant's motion for new trial is the sole error assigned on appeal. Appellees filed no motion for new trial concerning the trial court's decision on their counterclaim and it is not a part of this appeal.

It appears that appellee-Beard invested as an original stockholder the sum of $5,000 in appellant-corporation in June or July of 1961, and was one of eleven on the Board of Directors. That Beard and appellee-Shroyer purchased Muncie Auto Auction on September 1, 1961. That in November of 1961 some footings for part of appellant's building were placed upon land leased to the Muncie Auto Auction and after several weeks of negotiation appellant paid appellees $10,000 for this part of their property.

> "Directors of a business corporation act in a strictly fiduciary capacity. Their office is a trust. Absolute and most scrupulous good faith is the very essence of ■ director's obligation to his corporation." 6 I.L.E., *Corporations*, § 147, p. 544.

> "Directors and officers may not directly or indirectly derive any personal profit or advantage by reason of their positions. They 'must act in the utmost good faith, ■ and cannot . . . utilize the influence and advantage of their offices, for any but the common interest.' " 6 I.L.E., *Corporations*, § 151, p. 552.

Generally, directors of a corporation stand in a fiduciary relationship toward the corporation. Out of this rela- ■ tionship arises a duty of reasonably protecting the interests of the corporation.

> "If there is property which is necessary for the business of the corporation, and which the officer knows the corporation desires to acquire and intends and is able to purchase ■ and pay for, in order to protect and develop its business interests, it would be a violation of his duty for him secretly to purchase that property, for the purpose either of afterwards selling it to the corporation at an advanced price and thus taking advantage of its necessities, or

of using such property otherwise to the injury of the corportion." *Black* v. *Parker Mfg. Co.* (1952), 329 Mass. 105, 111, 106 N. E. 2d 544, 549.

"The rule as supported by a number of cases is that if there is presented to a corporate officer or director a business opportunity which the corporation is financially able to undertake, which is, from its nature, in the line of corporation's business and is of practical advantage to it, and which is one in which the corporation has an interest or a reasonable expectancy, and if, by embracing the opportunity, the self interest of the officer or director will be brought into conflict with that of this corporation, the law will not permit him to seize the opportunity for himself. If he does the corporation may claim the benefit of the transaction." 19 Am Jur., 2d, *Corporations,* § 1311, p. 717.

"Whether or not director or officer has appropriated for himself something that in fairness should belong to his corporation is a factual question to be decided by reasonable inference from objective facts." 19 Am. Jur., 2d, *Corporations,* § 1312, p. 720.

The true basis of the doctrine rests fundamentally "in the unfairness on the particular facts of a fiduciary taking advantage of an opportunity when the interests of the corporation justly call for protection. This calls for the application of ethical standards of what is fair and equitable to particular sets of facts." Ballantine on Corporations, § 79, p. 205 (2d Ed. 1946).

Therefore, the issue for determination in this cause is whether appellee-Beard used knowledge he gained as a director of appellant to realize a profit for himself in breach of his fiduciary relationship to appellant. More specifically, whether he had information at the time of his purchase of one-half interest in Muncie Auto Auction that appellant would be required to lease or purchase a part of Muncie Auto Auction's land, and whether his later action in selling said land of Muncie Auto Auction to appellant for the sum of $10,000 was a breach of his fiduciary relationship as a director of appellant-corporation.

The trial court resolved these issues against the appellant by its general findings.

We will review the evidence, on appeal, to determine if there is substantial evidence of probative value or reasonable inferences therefrom to sustain the decision of the trial court. We will reverse the decision as contrary to law only if the evidence and reasonable inferences are undisputed, not in conflict, and could only lead to a decision contrary to the one arrived at by the trial court.

This being a negative judgment we must determine whether or not the decision of the trial court denied the appellant the relief to which it was entitled under the evidence. We must be able to determine, as a matter of law, that the evidence is not conflicting and could only lead reasonable minds to grant the relief for which appellant had prayed.

A review of the evidence, in our opinion, is not this convincing. Indeed, it is conflicting on many issues vital to appellant's cause of action; issues to be determined by the trier of the facts. One of these was the issue of whether or not appellee-Beard had knowledge that the corporation would need a part of the property of Muncie Auto Auction prior to his purchase of one-half interest in Muncie Auto Auction. The evidence is conflicting not only among the various witnesses, but within a single witness's testimony. Much testimony on this issue concerned a set of plans of the appellant's proposed building allegedly seen by appellee-Beard prior to his purchase with his partner of the Muncie Auto Auction. Not only is the evidence conflicting as to whether Beard examined these plans, but what he learned therefrom. Although these plans were referred to in the trial they were not introduced into evidence and, therefore, are not a part of the record in this appeal.

There is also direct conflict in what was said at the meeting of the Board of Directors held on September 14, 1961, the only meeting Beard attended after purchasing interest in

Muncie Auto Auction on September 1, 1961. There is, however, general agreement that appellee-Beard, at this meeting, disclosed to all members present that he "owned one-half of the Muncie Auto Auction" with a partner, appellee-Shroyer. The dispute arises over what Beard said he would do about the piece of land in question.

The evidence reveals that until a survey was taken after footers were poured on November 17, 1961, no one knew that a part of the building—and not just a driveway—was on part of appellees' property. The evidence also reveals that all negotiations concerning price were with appellee-Shroyer. There is no evidence in the record that appellee-Beard did not attempt to protect the corporation with his partner-Shroyer.

There is also contradictory testimony concerning the value of the property involved. Although appellant, by the testimony of its officers, admits that such property was worth at least $1,000 per acre, it is suing appellees for the entire amount paid. Appellant asks the court to award it the full purchase price it paid without any offer or indication in the record that it would return the property. Neither does appellant pray an imposition of a trust of Beard's interest in Muncie Auto Auction, or request that his one-half interest in the profit of the sale be paid to the appellant Tower Recreation, Inc.

These issues were all facts to be determined from the evidence by the trial judge. He had the advantage of seeing and hearing the witnesses and to judge their credibility.

We are of the opinion that the state of the evidence and circumstances of this cause prevents us from concluding that the decision reached by the trial court was contrary to law. All presumptions are indulged in favor of the action of the trial court when such actions are being reviewed by this court. Our function is not to retry the cause

nor weigh the evidence. We are of the opinion that the judgment of the trial court should be affirmed.

Judgment affirmed.

Carson, P. J., Cooper and Prime, JJ. concur.

NOTE.—Reported in 231 N. E. 2d 154.