COLE REAL ESTATE CORPORATION, HELEN F. COLE, HARLAN
RETHERFORD AND UVA COLE PEAKE *v.* PEOPLES BANK AND
TRUST COMPANY.

[No. 2-473A96.  Filed April 29, 1974.  Rehearing denied July 16, 1974.
Transfer denied November 4, 1974.]

*Arthur H. Northrup, Martz, Beattey, Hinds & Wallace,* of Indianapolis, for appellants.

*John H. Douglas, Smith, Maley & Douglas,* of Indianapolis, for appellee.

## I.

### STATEMENT ON THE APPEAL

STATON, J.—Peoples Bank & Trust Company of Indianapolis as a minority stockholder brought an action for an accounting, recovery of corporate assets and a declaration of dividends against Cole Real Estate Corporation and Helen F. Cole, a majority stockholder. Helen F. Cole was the president and treasurer as well as the sole employee of the corporation. Evidence was submitted to the trial court upon internal operations of the corporation relating to income, earned surplus, use of corporate property and the payment of dividends. Pursuant to Indiana Rules of Procedure, Trial Rule 52(A), IC 1971, 34-5-1-1,[1] the trial court found that the Cole Real Estate Corporation had failed to conduct itself as a corporate entity; that the corporation had sufficient assets to allow for the declaration of a dividend; and that Helen F. Cole had converted corporate assets to her own use and benefit.

The judgment against Helen F. Cole in the sum of $7,000.00 was ordered set-off against her dividends, and attorney fees

---

1. The trial court is no longer required to make conclusions of law. *In re Adoption of Graft* (1972), 153 Ind. App. 546, 288 N.E.2d 274, n. 3.

were granted to the attorneys for Peoples Bank and Trust Company of Indianapolis. Helen F. Cole's motion to correct errors raises sufficiency of the evidence which is the sole issue raised on appeal.

Our opinion concludes that the evidence was sufficient to support the findings of the trial court.

## II.
## STATEMENT OF THE FACTS

Cole Real Estate Corporation is a closely held, for-profit, domestic corporation which deals in the business of owning, managing and renting residential apartment properties in the Indianapolis and Greencastle areas. Mrs. Helen F. Cole is the majority shareholder in Cole Real Estate Corporation, owning all but eighty-six (86) of its 4,120 outstanding shares of common stock. Peoples Bank & Trust Company hold the remaining 86 shares of common stock in a trustee capacity. Mrs. Cole has been a director as well as the president and treasurer of the corporation since its organization in 1935.

At trial, Mrs. Cole estimated the value of the properties held by the corporation to be approximately $172,000 with its total assets similarly approximated at about $120,000. During the period in question, 1964-1970, Cole Real Estate Corporation accumulated a cash balance of over $19,000 and an earned surplus in excess of $40,000 while it experienced steadily increasing profits. The corporation had no outstanding debts in 1971 and had recently sold one of its parcels of property at a profit.

The evidence clearly established that Cole Real Estate Corporation was a "one-woman corporation," operated by Helen Cole as an entrepreneurship rather than as a corporate entity. Little evidence of a corporate identity was maintained. Annual reports of the corporation had not been filed with the Secretary of State for the years 1967, 1968 nor 1970. The most recent board of directors meeting had been held in 1954 when the corporation was reorganized. It was at this 1954

meeting that the last stock dividend was declared on previously outstanding preferred shares. Furthermore, in her testimony, Mrs. Cole could not recall when the present board of directors took office. She testified further that shareholder meetings had not been held because of what she termed as a lack of interest although she admitted knowledge of the Indiana law requiring annual shareholder meetings.[2]

As the corporation's sole employee, Helen Cole lived in a home owned and operated by the corporation which also served as the corporate office. She lived in that home rent free and paid no utilities. Two automobiles, owned, operated and maintained by the corporation provided Mrs. Cole with her sole means of transportation. The further testimony of Mrs. Cole indicated that she had set her own salary level during the years 1964-1970 without consultation with the board of directors. Her compensation fluctuated between a low of $4,593.16 in 1964 and a high of $10,998.20 in 1967.

The trial court held that Helen Cole had converted assets of the corporation to her own use at the rate of $75.00 per month and entered judgment against her in the amount of $7,000.00. Additionally, the trial court mandated a declaration of a $1.00 dividend per share for each of the years 1964-1970. From this judgment and a denial of their motion to correct errors, Helen F. Cole and Cole Real Estate Corporation appeal.

## III.

## STATEMENT OF THE ISSUES

The sufficiency of the evidence supporting the findings and conclusions of the trial court is the sole issue presented by this appeal. In our opinion below, we will treat this issue as two issues. Issue One will be devoted to conversion of corporate assets and excessive compensation. Issue Two will relate solely to the declaration of the dividend and the trial court's application of Helen F. Cole's dividend in the judgment.

2. See IC 23-1-2-9(b); Ind. Ann. Stat. § 25-207(b) (Burns 1970).

ISSUE ONE: Does the evidence support the conclusion of the trial court that Helen F. Cole converted corporate assets to her own use and benefit by awarding herself excessive salary compensation?

ISSUE TWO: Is the evidence sufficient to support the trial court's order that a dividend on the common stock of the real estate corporation be declared?

## IV.

## STATEMENT ON THE LAW

Prefacing our examination of the sufficiency of the evidence, we feel compelled to remind the reader that certain limitations apply. In reviewing the evidence presented to the trial court, we cannot weigh that evidence nor consider the credibility of witnesses but can look only to the evidence and the reasonable inferences from it which support the judgment of the trial court. *Wilson* v. *Jerry Miller, Inc.* (1973), 157 Ind. App. 135, 299 N.E.2d 177. We must presume that the trial court correctly decided the issue before it, and it is the burden of Helen F. Cole and Cole Real Estate Corporation to show serious error that denied them the relief to which they were entitled under the law. *Kuykendall* v. *County Commissioners of Marion County* (1968), 142 Ind. App. 363, 234 N.E.2d 860. Furthermore, when the trial court has submitted findings and conclusions pursuant to Rule TR. 52(A) of the Indiana Rules of Procedure, this Court cannot set them aside unless they are found to be clearly erroneous. *Citizens Gas & Coke Utility* v. *Wells* (1971), 150 Ind. App. 78, 275 N.E.2d 323.

With these limitations placed upon our review of the evidence, we examine Issue One and Issue Two.

*ISSUE ONE: Excessive Compensation and Converted Corporate Assets.*

Helen F. Cole contends that the trial court's conclusion that she converted assets of Cole Real Estate Corporation to

her own use and benefit is not supported by sufficient evidence. She relies upon two assumptions in attacking this portion of the trial court's conclusion. The first assumption is that Peoples Bank's action as a minority shareholder cannot succeed because it failed to make an initial request for corporate action prior to filing its action in Court. This assumption is without merit. An exhaustion of intracorporate remedies is often a condition precedent to a shareholder's initiation of a court proceeding on behalf of the corporation. See *Tevis* v. *Hammersmith* (1903), 31 Ind. App. 281, 66 N.E. 79. However, a minority shareholder may institute an individual action without a previous request for corporate action where the directors of that corporation are acting in their own interests or where a majority shareholder is acting illegally or oppressively in the corporate name. *First Merchants National Bank & Trust Co. of Lafayette* v. *Murdock Realty Co.* (1942), 111 Ind. App. 226, 39 N.E.2d 507. Equity does not require the doing of a useless act. *Apple* v. *Apple* (1973), 157 Ind. App. 68, 299 N.E.2d 239.

Mrs. Cole's second assumption is that Peoples Bank failed to provide proof that the compensation that she received while an employee of the corporation was unreasonable. The evidence presented at trial established that Mrs. Cole lived rent free in a residence owned and maintained by the corporation. Her testimony established the reasonable rental value of that property to be approximately $100.00 per month. Mrs. Cole did not hold title to an automobile, and the vehicles owned and operated by the corporation constituted her only means of transportation.

The salary drawn by Mrs. Cole from the corporate profits ranged from a low of $4,593.16 to a high of $10,998.20 during the period here in question. Helen Cole testified that average management fees for the collection of rent were approximately 8-10% of gross rental income. Mrs. Cole's salary income exceeded that figure in all of the years, 1965-1970.

This evidence and the reasonable inferences stemming

therefrom support a conclusion that Mrs. Cole enjoyed the benefit of corporate assets. Mere recitation of the ██ average management fee for the collection of rent and the income actually paid Mrs. Cole for the years in question does not establish that the compensation paid Mrs. Cole was unreasonable. The law invests a board of directors with broad discretion in the maangement of the corporation in the operation of its business. Therefore, to be successful, an attack on the amount of compensation paid to a corporate officer-employee must support a finding that the salary in question is unreasonable or unfair. *Green* v. *Felton* (1908), 42 Ind. App. 675, 84 N.E. 166; W. FLETCHER, CYCLOPEDIA OF THE LAW OF PRIVATE CORPORATIONS, § 2171 (1967).

The case at bar, however, does not present a situation allowing for the simple application of such principles. Helen Cole admitted that she determined her own level of compensation without consulting the board of directors. Her total control over the assets and operation of Cole Real Estate Corporation ran unbridled by even a modicum of corporate formality. The dictates of the rule espoused in *Green* v. *Felton, supra,* contemplated a challenge to the compensation level of a corporate director-officer which has previously been subjected to the formal approval of a board of directors.

We recognize that a close corporation may, in certain instances, be justifiably distinguished from its publicly owned counterpart where questions of corporate formality ██ and internal operations are at issue. Nevertheless, Helen F. Cole, as an officer and director of the corporation, is still bound by the well-established rules of corporate law which prevent such officials from using the assets of a corporate entity for their personal gain. *Madding* v. *Ind. Dept. of State Revenue, Gross Income Tax Div.* (1971), 149 Ind. App. 74, 270 N.E.2d 771, *Tower Recreation, Inc.* v. *Beard* (1967), 141 Ind. App. 649, 231 N.E.2d 154, *First Nat. Bank & Trust Co. of Lafayette* v. *Murdock Realty Co., supra.*

Where the majority shareholder of a close corporation, in violation of that fiduciary obligation, appropriates the profits of the corporation for salaries, a court of equity will provide a minority shareholder with a remedy. *The Wayne Pike Co.* v. *Hammons* (1891), 129 Ind. 368, 27 N.E. 487. See also 27 A.L.R. 300. Nevertheless, a court of equity cannot act as the regulator of a private corporation and should not substitute its judgment for that of the board of directors in determining what is a fair and reasonable compensation for corporate officers. Once a corporate officer's compensation is challenged, the burden of establishing unreasonable compensation lies with the minority shareholder instituting the action. *Coleman* v. *Plantation Golf Club, Inc.* (1968), Fla. App., 212 So.2d 806; *Seitz* v. *Union Brass & Metal Mfg. Co.* (1922), 152 Minn. 460, 189 N.W. 586; 27 A.L.R. 293, 300 and WILLIAM FLETCHER, CYCLOPEDIA OF THE LAW OF PRIVATE CORPORATIONS, § 2171, *supra.*

The evidence presented to the trial court and the reasonable inferences therefrom support a conclusion that Helen F. Cole breached the fiduciary relationship that she owed to a minority shareholder. The burden of establishing unreasonable compensation was met by showing an unauthorized appropriation of corporate assets to Helen Cole's own use in the absence of reasonable justification. *Wilson* v. *Jerry Miller, Inc., supra.* In computing the judgment against Mrs. Cole, the trial court erred. The assessed conversion of $75.00 per month for a seven year period results in a total of $6,300 rather than the $7,000 figure stated in the trial court's judgment. Therefore, pursuant to Rule AP. 15(M), we order that the judgment of the trial court be corrected accordingly.[3] This correction

3. Helen F. Cole and the Cole Real Estate Corporation have mounted a weak attack upon the award of attorney's fees to Peoples Bank. Such an award is justified in an equitable proceeding by a minority shareholder to require those in control of the affairs of a corporation to restore money wrongfully converted. See *Princeton Coal & Mining Co.* v. *Gilchrist* (1912), 51 Ind. App. 216, 224, 99 N.E. 426 and *Atwater* v. *Elkhorn Valley Coal Land Co.* (1918), 184 App. Div. 253, 171 N.Y.S. 552, 557, aff. 227 N.Y. 611, 125 N.E. 912.

would reduce the attorney fees awarded by the trial court from $2,300.33 to $2,100.00.

*ISSUE TWO: Declaration of a Dividend.*

Cole Real Estate Corporation was ordered to declare and remit to its shareholders a dividend of $1.00 per share for the years 1964 through 1970. Cole Real Estate Corporation contends that the evidence supporting this portion of the judgment is insufficient.

The power to declare dividends on outstanding stock issues is within the discretion of the corporation's board of directors, subject to certain stated restrictions. See IC 23-1-2-15; Ind. Ann. Stat. § 25-211 (Burns 1970). The dividends are generally to be paid from the "unreserved and unrestricted earned surplus of the corporation."[4] Where that governing body fails to declare a distribution of profits which a shareholder feels is warranted, the shareholder is not without a remedy. An action lies in equity by which he may compel the declaration of a dividend. *Star Publishing Co.* v. *Ball* (1922), 192 Ind. 158, 134 N.E. 285; *W. Q. O'Neall Co.* v. *O'Neall* (1940), 108 Ind. App. 116, 25 N.E.2d 656; *Rubens* v. *Marion-Washington Realty Corp.* (1945), 116 Ind. App. 55, 59 N.E.2d 907. Because of the broad discretionary power which the law invests in the management of a corporation, the burden of proof placed upon a shareholder seeking such relief is necessarily stringent. As noted by this Court in *W. Q. O'Neall Co.* v. *O'Neall, supra,* 108 Ind. App. at 123:

> "As a general rule, the officials of a corporation are the sole judges as to the propriety of declaring dividends and the court will not interfere with the proper exercise of that discretion. Yet when the right to a dividend is clear and there are funds from which it can be properly made, a court of equity will interfere to compel a company to declare it. Directors are not allowed to use their powers illegally, wantonly or oppressively."

---

4. For a definition of the term earned surplus in the context of the Indiana General Corporations Act, see IC 23-1-1-1(q); Ind. Ann. Stat. § 25-101(q) (Burns 1970).

Therefore, only a clear abuse of discretion, established by proof of bad faith, oppressive or illegal action, will justify the intervention of a court of equity. *W. Q. O'Neall Co.* v. *O'Neall, supra.* See also W. FLETCHER, CYCLOPEDIA OF THE LAW OF PRIVATE COR-PORATIONS, § 5325 (1971). It is this type of equitable relief which People's Bank sought in instituting its action against Cole Real Estate Corporation.

Helen F. Cole and the Cole Real Estate Corporation contend that Peoples Bank does not have the proper "status" to seek such a remedy. In support of this contention, they contend that only preferred stockholders can be afforded such equitable benefits. It is true that each of the Indiana cases sanctioning the equitable mandate of a dividend have been initiated by holders of preferred stock. See *Star Publishing Co.* v. *Ball, W. Q. O'Neall Co.* v. *O'Neall,* and *Rubens* v. *Marion-Washington Realty Corp., supra.* The recovery in such actions is based upon the specific enforcement of a contractual right vested in the stock instrument. See *Rubens* v. *Marion-Washington Realty Corp., supra,* 116 Ind. App. at 65, 59 N.E.2d 907. An extension of the equitable remedy is not foreclosed to holders of common stock. *City Bank Farmers Trust Co.* v. *Hewitt Realty Co.* (1931), 257 N.Y. 62, 177 N.E. 309; 76 A.L.R. 881; *Gordon* v. *Elliman* (1954), 306 N.Y. 456, 119 N.E.2d 331. See also 55 A.L.R. 8 and W. FLETCHER, CYCLOPEDIA OF THE LAW OF PRIVATE CORPORATIONS, § 5325, *supra.* Nor does any reading of the prior Indiana decisions foreclose such an extension where the sole outstanding issue of a corporation consists of common stock.

Helen F. Cole and the Cole Real Estate Corporation further contend that Peoples Bank cannot maintain an action seeking a declaration of a dividend without a prior demand for intracorporate action. In light of our discussion of a similar contention in ISSUE ONE above, we consider this contention adequately answered. A similar contention was raised and

quickly dismissed in *W. Q. O'Neall Co.* v. *O'Neall, supra,* 108 Ind. App. at 126, 25 N.E.2d 656.[5]

Was the evidence sufficient to support the conclusion of the trial court that the Cole Real Estate Corporation acted oppressively and in bad faith in failing to declare a dividend? The thrust of this argument is that the ordered dividend requires an invasion of capital for its satisfaction.

The Indiana General Corporation Act prohibits the invasion of capital for the payment of a dividend except in particular situations. The evidence supporting the trial court's conclusion is best depicted by the following chart which delineates the gross income, net taxable income and earned surplus of Cole Real Estate Corporation for the years in question except 1970:

| Year | Net Taxable Income | Gross Income | Earned Surplus |
|------|--------------------|--------------|----------------|
| 1964 | $      14.62 | $40,276.44 | $23,095.18 |
| 1965 | 3,118.00 | 41,833.88 | 26,321.29 |
| 1966 | 3,934.21 | 42,439.07 | 29,486.75 |
| 1967 | 3,794.92 | 43,941.44 | 32,377.58 |
| 1968 | 6,090.92 | 47,764.62 | 36,571.02 |
| 1969 | 5,344.80 | 50,511.49 | 40,359.10 |

In contending that an invasion of capital was required to satisfy the mandated dividend, Helen F. Cole and the Cole Real Estate Corporation have erroneously relied upon current taxable income as the sole source of dividend funds. Although current taxable income is the source of all dividend funds, it is the accumulation of those earnings in the form of unreserved and unrestricted earned surplus which constitutes the major reserve for the distribution of dividends. The

---

5. Although unnecessary for the disposition of this issue, we note that an action by a shareholder to compel the declaration of a dividend has been deemed to be the assertion of an individual right rather than the prosecution of an action for the benefit of a corporation. See *Knapp* v. *Bankers Securities Corp.* (3rd Cir. 1956), 230 F.2d 717. See also *Doherty* v. *Mutual Warehouse Co.* (5th Cir. 1957), 245 F.2d 609.

figures listed above clearly indicate that the earned surplus of the corporation was sufficient to satisfy the dividend declared in each of the years in question. Therefore, there is sufficient evidence to support the conclusion of the trial court that the corporation was financially able to pay the ordered dividend without necessitating an invasion of capital.

The financial ability to pay its shareholders a dividend is not sufficient reason for a court of equity to mandate a corporation to declare one. A corporation has the right to choose to retain its surplus earnings to insure its financial stability and for the effectuation of internal policies and programs if it does so in good faith. See *Jones* v. *Costlow* (1944), 349 Pa. 136, 36 A.2d 460; *City Bank Farmers Trust Co.* v. *Hewitt Realty Co., supra;* 55 A.L.R. 8, 76 A.L.R. 885 and WILLIAM FLETCHER, CYCLOPEDIA OF THE LAW OF PRIVATE CORPORATIONS, § 5325, *supra.* Conversely, it may not in bad faith or through oppressive action refuse or refrain from declaring a dividend which is clearly warranted by its profit position. In its findings and conclusions, the trial court held that Cole Real Estate Corporation, through Helen F. Cole, had acted oppressively and in bad faith in failing to declare a dividend on its common stock. Although the contrary is contended here on appeal, the evidence supports the trial court's conclusion. A dividend had not been declared on any stock of the corporation since 1954, which was the same date of the last official meeting of the board of directors. Helen Cole had complete control over the assets and operation of the corporation. She controlled all its stock except that held by People's Bank. Sufficient earned surplus had accrued in the corporate treasury to allow the minority common stockholder a reasonable dividend.

In an attempt to rebut this evidence, Helen F. Cole and the Cole Real Estate Corporation contend that the present earnings and cash balance of the corporation were needed for the maintenance of the corporate properties and capital improvements. The dividend declared protected these bal-

ances for just such purposes. Additionally, after payment from the corporate treasury of the dividend, a sizeable earned surplus still remains.

Helen F. Cole has objected to the trial court's order that the judgment entered against her be set off against the dividends accruing to her as the result of the mandated declaration. Once declared, a dividend constitutes a debt of the corporation to its shareholders. *Fricke* v. *Angemeier* (1913), 53 Ind. App. 140, 101 N.E. 329. It is an established practice that a debt of a shareholder owed to a corporation may be set off against the proceeds of a dividend declared. See WILLIAM FLETCHER, CYCLOPEDIA OF THE LAW OF PRIVATE CORPORATIONS, § 5374, *supra*.

## V.

## DECISION OF THE COURT

The conclusions of the trial court that Helen F. Cole converted corporate assets to her own use and benefitted by awarding herself excessive, unreasonable salary are supported by the evidence.

The evidence is sufficient to support the trial court's order that a dividend on the common stock be declared.

The judgment of the trial court should be and the same hereby is corrected pursuant to AP. 15(M) as follows:

"1. That judgment is entered for the defendant, Cole Real Estate Corporation and against the defendant, Helen F. Cole in the amount of Six Thousand Three Hundred Dollars ($6,300.00) the same being the amount by which she was unjustly enriched through the use of the corporate real and personal property from January 1, 1964 to December 31, 1970."

"2. That judgment is entered against the Cole Real Estate Corporation and in favor of Smith, Maley & Douglas, Attorneys for plaintiff in the amount of Two Thousand One Hundred Dollars ($2100.00) for the reasonable value of their services to the corporation in securing the judgment set forth in item 1."

"(g) To withhold from any cash dividend payable to Helen F. Cole an amount not exceeding Six Thousand

Three Hundred Dollars ($6,300.00) in satisfaction of the judgment entered against her in Item 1 of this Order."

In all other particulars, the trial court's judgment should be and the same hereby is affirmed.

Hoffman, C.J. and Lowdermilk, J., concur.

NOTE.—Reported at 310 N.E.2d 275.