Robert J. SCOTT, Appellant
(Defendant Below),

v.

PRUDENTIAL PROPERTY AND CASU-
ALTY INSURANCE, Appellee
(Plaintiff Below),

and

John R. Zak, Appellee
(Co–Defendant Below).

No. 49A04–8910–CV–470.

Court of Appeals of Indiana,
Fourth District.

Oct. 30, 1990.

David T. Hasbrook, Ruckelshaus, Roland, Hasbrook & O'Connor, Indianapolis, for appellant.

Derek L. Mandel, Locke Reynolds Boyd & Weisell, Indianapolis, Joseph R. Pitcher, Lowe Gray Steele & Hoffman, Indianapolis, for appellees.

CHEZEM, Judge.

## Case Summary

Defendant/Appellant, Robert Scott (Scott), appeals the trial court's judgment against him in a personal property and injury claim brought by Defendant/Appellee, Prudential Property and Casualty Insurance (Prudential). We affirm in part and remand in part.

## Issues

I. Whether the trial court's finding of fault under the Indiana Comparative Fault Act was clearly erroneous?

II. Whether the trial court erred in awarding two thousand four hundred fifty-five dollars and seventy-one cents ($2,455.71) in damages to Prudential.

## Facts

The facts most favorable to the judgment below are as follows:

On July 27, 1987, a four-car accident occurred eastbound on 82nd Street in Indianapolis. The sky was dark and it was raining at the time of the accident. Prudential was the insurer of a pick-up owned by James Smith and being driven by Kent Earles, with Smith's permission. Earles was behind a Ford Taurus being driven by Michelle Johnson. When Johnson stopped for an unknown reason, Earles stopped as well and was then struck from behind by a Chevy Astro Van driven by Defendant John Zak. Scott's taxi hit the back of Zak's van. Prudential sued both Zak and Scott. The dispute at the trial court involved a determination of whether Scott hit Zak's van causing Zak to hit Earles, or whether Zak hit Earles before Scott hit the van. The trial court determined Scott was one hundred percent (100%) at fault, and therefore fully liable for the damage under Indiana's Comparative Fault Act.

Additional facts will be added as needed.

## Discussion and Decision

### I

Scott asserts that the trial court's finding of fault was clearly erroneous. Initially, we note that when the party seeks to reverse an adverse judgment on the grounds that the evidence is insufficient to support the judgment, we will not reweigh the evidence. Rather we will look to the evidence most favorable to the judgment and all reasonable inferences to be drawn therefrom. If there was substantial evidence of probative value, the judgment of the trial court will not be overturned. *Cole Real Estate Corp. v. People's Bank and Trust* (1974), 160 Ind.App. 88, 310 N.E.2d 275. Where, as here, there are no findings of fact and conclusions of law, the general judgment is presumed to be based on findings which are supported by the evidence, and we will affirm the decision of the trial court if it can be sustained on any legal theory. *Potts v. Offutt* (1985), Ind.App., 481 N.E.2d 429. Although Scott asserts that error can be ascertained without judging credibility or reweighing evidence, it is our determination that based on Scott's arguments, he is clearly inviting us to do just that.

Although the evidence was in conflict, there is support in the Record for the trial court's finding that Scott initially hit Zak, causing the damage to the vehicle Earles was driving. Zak testified he was at a complete stop behind Earles when he was hit from behind by the taxi causing him to slide into Earles' pick-up truck. It was Scott's testimony that Zak was stopped when he slid into him. The Officer at the scene, Joseph Sims, testified that, in his opinion, Zak had hit Earles first. However, he also testified that the cars had been moved when he reached the scene and he had to recreate the accident based on damage to the vehicles and statements from the drivers. He does not remember a conversation with Zak at the scene. The evidence adequately supports the trial

court's conclusion that Scott was at fault in the accident.

■ The trial court found Scott to be one hundred percent (100%) at fault under the Indiana Comparative Fault Act (Ind.Code 34–4–33–1 et seq.) making him completely liable for the damage. The apportionment of that fault is based on the trial court's determination of the facts. The court found that Zak was stopped when Scott impacted him causing him to hit Earles. Scott's assertion that Johnson should be apportioned some of the fault for initially stopping in front of Earles, asks us to reweigh those facts which we cannot do.

■ Scott asserts the trial court erred by not applying the sudden emergency doctrine to the case. Scott pleaded the doctrine as an affirmative defense in his answer to Prudential's claim. In order to raise the sudden emergency doctrine as an affirmative defense, the elements that must be shown are as follows:

1. The appearance of imminent peril so as to prevent time for deliberation;

2. The appearance of imminent peril was not caused by the party claiming sudden emergency; and

3. The party claiming sudden emergency behaved in the manner of an ordinary prudent person under the circumstances.

*Evans v. Palmeter* (1987), Ind.App., 509 N.E.2d 1130, 1132 *rev. on other grounds* 521 N.E.2d 316. Scott is again asking us to reweigh the evidence. The trial court could have concluded that no sudden emergency existed or that even under an emergency, Scott was negligent. That determination, however, would require us to delve into the underlying factual basis for the trial court's decision. The evidence supports the trial court's conclusion. The decision was not against the logic and effect of the facts, or reasonable probable deductions derived therefrom; therefore, we cannot reverse on this issue. *Eyler v. Eyler* (1986), Ind., 492 N.E.2d 1071.

## II

■ Scott argues the trial court erred in granting Prudential damages of two thousand four hundred and fifty-five dollars and seventy-one cents ($2,455.71). Pruden-

tial presented evidence of a claim paid in the amount of two thousand two hundred and three dollars and forty-six cents ($2,203.46). Additionally, evidence was presented that Mr. Earles paid hospital bills in the amount of two hundred and seven dollars and twenty-five cents ($207.25). The hospital bills were not paid by Prudential.

Scott asserts the amount of the bills was erroneously included in the final damage figure. Because the Record does not reflect clearly what sums the trial court included in its final assessment of damages, we remand to the trial court for clarification. However, if the damage amount did not include the amount of the hospital bills ($207.25), no adjustment to the damages awarded is required. If the amount of the bills was included, the damage award must be reduced by that amount ($207.25).

Affirmed in part, remanded in part.

CONOVER and GARRARD, JJ., concur.