**Mark A. IMEL, Appellant–Defendant,**

**v.**

**Charles E. THOMAS, Appellee–Plaintiff.**

**No. 71A03–9107–CV–201.**

Court of Appeals of Indiana,
Third District.

Feb. 10, 1992.

Don G. Blackmond, John C. Hamilton, Doran, Blackmond, Ready, Hamilton & Williams, South Bend, Randi L. Cigelnik, Peterson & Ross, Chicago, Ill., for appellant-defendant.

Donald W. Pagos, Sweeney, Dubagia, Donoghue, Thorne, Jones & Pagos, Michigan City, Mark A. Lienhoop, Newby, Lewis, Kaminski & Jones, La Porte, for appellee-plaintiff.

HOFFMAN, Judge.

Appellant-defendant Mark A. Imel appeals a judgment finding him 75% at fault for a collision involving his automobile and the automobile of appellee-plaintiff Charles E. Thomas.

The facts relevant to the appeal disclose that at approximately 8:00 A.M. on June 6, 1987, defendant was traveling west and plaintiff was traveling east on Johnson Road, a county road in a rural area of La Porte County, Indiana. Although the posted speed limit was 35 m.p.h., plaintiff was traveling between 52 and 63 m.p.h. a short distance before the intersection of Johnson Road and Holton Road. Defendant had stopped at the intersection in order to turn left onto Holton Road, and when he began

his turn, his vehicle and plaintiff's vehicle collided in the eastbound lane of Johnson Road. Defendant's vehicle spun around and struck a vehicle behind him while plaintiff's vehicle continued to travel into the garden of a house on the south side of Johnson Road. Defendant sustained minor injuries from the collision while plaintiff sustained a fractured hip, a fractured jaw, a fractured forearm, and a closed head injury.

In May of 1989, plaintiff filed a complaint against defendant in La Porte Superior Court. Following a change of venue, the case was transferred to St. Joseph Superior Court. Jury trial began on January 28, 1991, and concluded on February 1, 1991. The jury found defendant 75% at fault for the collision and plaintiff 25% at fault with total damages to plaintiff of $1,201,600.00. The court entered judgment on the jury verdict and awarded $901,-200.00 to plaintiff.

First, defendant argues that either he was not at fault for the collision or plaintiff was at fault to an extent greater than 50%. He bases his argument on the undisputed evidence that plaintiff was exceeding the posted speed limit at the time of the collision. Specifically, defendant claims plaintiff was negligent *per se;* however, even assuming plaintiff was negligent *per se,* such would not *ipso facto* render plaintiff 100% or even 50% at fault. The jury allocated 25% of the fault for the collision to plaintiff and 75% of the fault to defendant. Defendant apparently expects this Court to reweigh the evidence and allocate 50% or more of the fault to plaintiff; however, such is not the function of a court of review. *Scott v. Prudential Property and Cas. Ins.* (1990), Ind.App., 561 N.E.2d 812, 813.

Defendant also asserts that he had the right-of-way to make the left-hand turn because he was in the intersection "for some appreciable amount of time before [plaintiff] arrived." According to IND. CODE § 9-4-1-82 (1988 Ed.), the statute in effect at the time of the collision:

"The driver of a vehicle within an intersection intending to turn to the left shall

yield the right-of-way to any vehicle approaching from the opposite direction which is within the intersection or so close thereto as to constitute an immediate hazard, but said driver, having so yielded and having given a signal when and as required by this act, may make such left turn and the drivers of all other vehicles approaching the intersection from said opposite direction shall yield right-of-way to the vehicle making the left turn."

However, contrary to defendant's assertion, there was sufficient evidence at trial that defendant turned in front of plaintiff. Several expert witnesses testified that the lack of skid marks indicated plaintiff was close to the intersection at the time defendant was turning, that there was nothing to obstruct defendant's view of plaintiff's car prior to the collision, and that the collision might have occurred even if plaintiff had been following the posted speed limit. Again, this Court will not reweigh the evidence or rejudge the credibility of witnesses.

Lastly, defendant contends the trial court erred in refusing his Instruction No. 5 which read as follows:

"You are instructed that at all times pertinent the posted speed limit for vehicles using Johnson Road was 35 miles per hour.

If you should find from a preponderance of the evidence that the Plaintiff operated his automobile in violation of the posted speed limit and that such violation contributed to the cause of the accident, such conduct would constitute negligence on the part of the Plaintiff for having violated that speed limit."

In reviewing a trial court's decision to refuse a tendered instruction, this Court considers: (1) whether the instruction correctly states the law; (2) whether there was evidence in the record to support the instruction; and (3) whether another instruc-

tion covered the substance of the tendered instruction. *Jackson v. Warrum* (1989), Ind.App., 535 N.E.2d 1207, 1211.

As previously discussed, the evidence at trial disclosed that plaintiff was exceeding the posted speed limit at the time of the collision [1]; however, although the violation of a safety regulation or ordinance is negligence *per se* (*see e.g., Witham v. Norfolk and Western Ry. Co.* (1990), Ind., 561 N.E.2d 484, 485; *Dawson by Dawson v. Long* (1989), Ind.App., 546 N.E.2d 1265, 1268), the violation of a speed limit sign is not unless the party attempting to prove same establishes that the sign was erected pursuant to a valid ordinance. *See Dawson* at 1268; *Enyart v. Blacketor* (1976), 168 Ind.App. 214, 217–219, 342 N.E.2d 654, 657–658. Defendant failed to present any evidence that the county had enacted an ordinance reducing the speed limit from 55 m.p.h. to 35 m.p.h.; [2] therefore, his instruction was an incorrect statement of law and without evidentiary support in the record. Moreover, the trial court instructed the jury on the statutes relating to intersections and speed, thus covering the substance of defendant's instruction. The court did not err in refusing Defendant's Instruction No. 5.

Affirmed.

STATON and MILLER, JJ., concur.

---

1.  The parties also stipulated in the pretrial order that the posted speed limit on Johnson Road was 35 m.p.h.

2.  According to IND.CODE § 9–4–1–57 (1988 Ed.) and IND.CODE § 9–4–1–58 (1988 Ed.), the

statutes in effect at the time of the collision, the speed limit on a county road in a rural area was 55 m.p.h. unless local authorities had enacted an ordinance reducing the limit.